UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL QUILOCHIN FRY, ) <br> Defendant. ) <br> _____ ) | NO. **CR-11-079-LRS** <br><br> **ORDER GRANTING** <br> **MOTION FOR RECONSIDERATION** |

**BEFORE THE COURT** is the Government's Motion For Reconsideration (ECF No. 63). This motion is heard without oral argument.

At the August 30 pre-trial conference, the court directed the Government to gather certain records in response to Item No. 3 in Defendant's Motion For Discovery (ECF No. 33 at p. 6) seeking information favorable to the Defendant "on the issue of guilt or which affects the credibility of the Government's case," including "all medical records and reports of the alleged victim, as well as school records of the alleged victim; Child Protective Services (CPS) and/or Department of Social and Health Services (DSHS), including any records contained in, maintained by, or in the custody or control of the State [of] Washington or Texas." The court questioned the relevance of this information, particularly considering the scope of the request is unbound by any temporal restriction. Nevertheless, the court directed the Government to review the material and determine whether it contained any *Brady* material which should be provided to defense counsel and, if necessary, submit the same to the court for *in camera* review in order for such a

**ORDER GRANTING MOTION**
**FOR RECONSIDERATION -        1**

determination to be made.

Having reviewed the Government's motion for reconsideration, the court concludes the relief it granted at the pre-trial conference was not proper. First, the Government's obligation to provide *Brady* material only relates to the material which it has in its custody or control. Defendant acknowledges that the "custody or control" requirement does not extend beyond federal agencies. *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989)(prosecutor is "deemed to have knowledge of and access to anything in the custody or control of any federal agency participating in the same investigation"). The Government represents that the records sought by Defendant are not within its "custody or control" and this appears to be so since the records sought would originate from state agencies or non-governmental sources not involved in the investigation of this criminal matter.

Secondly, Defendant's discovery request, as framed, is simply too broad in scope. At the pre-trial conference, defense counsel indicated he was interested in any records showing the alleged victim had a propensity for violence or had been engaged in other physical assaults. The court is not aware, however, of the Defendant having made a claim of self-defense, necessity or justification. In his response to the motion for reconsideration, Defendant appears to assert a different reason for the relevance of the records, that being "the physical evidence that exists is not in conformity with what the alleged victim claims occurred." It seems to the court that if this is so, it can adequately be established through cross-examination of the alleged victim and other Government witnesses at trial. Defendant complains that the alleged victim refuses to communicate with defense counsel. It is the alleged victim's prerogative to not communicate with defense counsel and her refusal does not, by itself, justify a wide-ranging request for records concerning her.

The Government's Motion For Reconsideration (ECF No. 63) is

**ORDER GRANTING MOTION**
**FOR RECONSIDERATION -      2**

1 **GRANTED** and the Government is not required to gather the aforementioned
2 records.  This ruling does not prohibit the Defendant from making a Fed. R. Crim.
3 P. 17 motion for a subpoena duces tecum.  Such a motion will need to show
4 "relevancy, admissibility, and specificity" of the records sought in order to support
5 issuance of the same.  *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).  In
6 sum, the Defendant will need to make a more particularized showing than he has
7 thus far.

8     **IT IS SO ORDERED.**  The District Court Executive is directed to enter
9 this order and  provide copies to counsel.

10     **DATED** this   3rd   day of October, 2011.

                            *s/Lonny R. Suko*
                         LONNY R. SUKO
                       United States District Judge

**ORDER GRANTING MOTION
FOR RECONSIDERATION -        3**