UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DANIEL QUILOCHIN FRY,<br><br>    Defendant. | NO. CR-11-79-LRS<br><br>**ORDER RE MOTIONS** |

A pre-trial conference was held on January 11, 2012 in Spokane. This order memorializes the rulings the court made from the bench, contains rulings upon matters the court took under advisement, and addresses the Government's recently filed Motion For Protective Order (ECF No. 148).

**GOVERNMENT'S MOTION TO COMPEL (ECF No. 126)**

This Motion is **DISMISSED** as being moot. On January 11, 2012, Defendant served and filed two Notices Of Intent To Use Expert Witness Testimony (ECF Nos. 143 and 144).

Defendant's counsel indicates he has retained the services of an out-of-state forensic expert to examine physical evidence in the case, but at this stage he is only being used as a consulting expert. Defendant's counsel says this expert has yet to complete his review of the evidence because of, among other things, not

**ORDER RE MOTIONS -**     1

having all of the information he needs from the Government.  If and when Defendant's counsel deems it necessary that this forensic expert testify at trial, he will promptly serve and file a Notice Of Intent To Use Expert Witness Testimony with regard to this witness.  The court will then address any objection the Government may have to the Notice, including timeliness.

**GOVERNMENT'S MOTION TO QUASH, SEAL AND EXCLUDE (ECF No. 122) AND FOR PROTECTIVE ORDER (ECF No. 148)**

The Motion To Quash is moot because the subpoenas have been issued and the records in question have been delivered to the court.  In any event, the court remains persuaded that Defendant's counsel made the necessary **preliminary** showing of relevancy, admissibility and specificity under Fed. R. Crim. P. 17(c) to justify issuance of the subpoenas pursuant to an ex parte motion.  Defendant's counsel made a plausible showing that the records to be subpoenaed were not merely for impeachment purposes, but were potentially probative regarding the elements of the crimes alleged against Defendant which must be proven beyond a reasonable doubt.

The court is not persuaded that the ex parte issuance of the subpoenas is a violation of the Crime Victims Rights Act or Fed. R. Crim. P. 17.  The ex parte procedure is justified in circumstances where it is necessary to avoid disclosure of trial strategy or a witness list.  *U.S. v. Sellers*, 275 F.R.D. 620, 624-25 (D. Nev. 2011).  "If a full adversary hearing was required to obtain a subpoena *duces tecum*, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena."  *Id*. at 624, quoting *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995).  The Government contends it should have been notified of the application for issuance of subpoenas and the appropriate procedure would have been to conduct a hearing and, if necessary, counsel for the Government could have been directed to step

**ORDER RE MOTIONS -                 2**

outside of the courtroom if and when sensitive defense trial strategy was being discussed. The court fails to discern how this would have been appreciably different from the ex parte motion procedure which was used.

Rule 17(c)(3) states that a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order and that "[b]efore entering the order and **unless there are exceptional circumstances**, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." (Emphasis added). Because of "exceptional circumstances" justifying ex parte issuance of the subpoenas (avoiding premature disclosure of sensitive defense trial strategy), the court did not give notice to the victim before entering the order authorizing issuance of subpoenas. The November 8, 2011 "Amended Order Granting Defendant's Motion For Early Return Of Subpoena Duces Tecum" required notice of the issuance of the subpoenas be given to the victim's mother and advised that a motion to quash could be filed and would need to be filed no later than November 23. The Government acknowledges it was unwilling to release any information regarding the whereabouts of the victim and that was certainly its prerogative.

The records received pursuant to the subpoenas will be sealed. Copies of one set of records have already been delivered to counsel. Copies of the other set will promptly be made available to counsel. These copies may not be used for any purpose other than this litigation. To that end, the copies may be made available to staff who are assisting counsel in the litigation and to expert witnesses who have been retained by counsel for consultative and/or testimonial purposes. Of course, expert witnesses will not be allowed to testify regarding any records or portions of record which the court ultimately finds inadmissible. Copies of records which have been made available to counsel will be destroyed at the conclusion of this case. The court will consider implementation of any other

**ORDER RE MOTIONS -            3**

1  reasonable protective measures proposed by counsel.

2      At this juncture, the court has made no final determination that any of the
3  information contained in the subpoenaed records will be admitted into evidence at
4  trial. It is, however, necessary to see the actual records before making any final
5  determinations regarding admissibility. The Government has an opportunity to
6  file additional motions in limine concerning the records. "Exclusion" remains a
7  possibility.

8      The Government's Motion To Quash, Seal and Exclude (ECF No. 122) is
9  **DISMISSED in part and GRANTED in part**. Quashing is moot and exclusion
10 is premature and to that extent, the motion is dismissed. The court will seal the
11 records which have been received pursuant to the subpoenas. To that extent, the
12 motion is granted. The Government's Motion For Protective Order (ECF No. 148)
13 is **DENIED** to the extent it suggests expert witnesses should not be privy to the
14 records.

15     **IT IS SO ORDERED.** The District Court Executive is directed to enter
16 this order and forward copies to counsel.

17     **DATED** this __13th__ day of January, 2012.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
United States District Judge

**ORDER RE MOTIONS -**     4